# Wytheville.

NICK J. BROWN v. SADIE M. BOWDEN, ET ALS.

June 24, 1931.

Present, Prentis, C. J., and Holt, Epes, Gregory and Browning, JJ.

The opinion states the case.

*Abram P. Staples* and *R. E. Woolwine,* for the appellant.

*S. A. Thompson, F. P. Burton* and *J. M. Hooker,* for the appellees.

EPES, J., delivered the opinion of the court.

On November 28, 1927, Mrs. Eliza Plasters and twenty-two other persons (all whom are descendants of Ruben Zigler or of

Isaac Zigler, brothers of Christopher Zigler), and *eleven of whom are infants suing by their next friend,* filed their memorandum in the clerk's office of the Circuit Court of Patrick county, for a suit in chancery against Mrs. Lent Zigler and thirty-two other persons by name (all whom are descendants of said Ruben and Isaac Zigler), and the following persons described as unknown parties, to-wit:

"The heirs at law of *Leonard Zizler, deceased,* whose names, ages and residences unknown.

"The heirs at law of *William Zizler, deceased,* whose names, ages and residences unknown.

"The heirs at law of Jim Zizler, *deceased,* whose names, ages and residences unknown.

"The heirs at law of Tom Zizler, *deceased,* whose names, ages and residences unknown.

"The heirs at law of Bettie Carroll, *deceased,* whose names, ages, and residences unknown.

"The heirs at law of Eliza Glidewell, *deceased,* whose names, ages, and residences unknown.

"The heirs at law of *Christopher Zizler, deceased,* whose names, ages and residences unknown.

"The heirs at law of *Richard Zizler, deceased,* whose names, ages, and residences unknown, * * * and all of the heirs at law of Nanie Zizler and *Mary Zizler,* deceased."

The name appearing throughout the memorandum is *Zizler,* not *Zigler.*

Of the thirty-three persons made parties defendant by name, eight (8) are designated as residents of Virginia, and twenty-five as residents of North Carolina; and from the decree entered by the court on December 6, 1928, it appears that four of the named resident defendants (Harry Zigler, Lottie Zigler, Oscar Zigler, and Annie Zigler) and some of the named non-resident defendants are infants.

So far as the record discloses, no guardian *ad litem* was ever appointed for any of these infant defendants, and no answer

is filed by any person as guardian *ad litem* for them or any of them.

The memorandum concludes: "Issue *spa* in chancery for all of the home defendants returnable 2nd December rules, 1927, and may an order of publication issue as to all of the non-resident defendants as provided by law."

In the memorandum the objects of the suit are stated as follows:

*"The object of this suit is to sell all of the real estate that Christopher Zizler owned at the time of his death and to distribute the net proceeds of sale among the said heirs according to law and for general relief. The said tract of land located in the county of Patrick; in Mayo River district; on the waters, of Crooked creek, containing 282 & 18¾ more or less."*

Subpoena issued on this memorandum against the eight resident defendants, to-wit, Hobert *Zizler,* Mrs. Lent Zizler, Ruben Zizler, Virginia Zizler, Harry Zizler, Lottie Zizler, Oscar Zizler, and Annie Zizler, returnable to second December rules, 1927. It was returned executed upon only Hobert *Zizler.* An alias subpoena was issued as to all the others named in the original process, returnable to first February rules, 1928, the names, however, being all spelled *Zigler* in the alias subpoena, which was returned executed upon Mrs. Lent Zigler, Ruben Zigler, Harry Zigler, Virgie Zigler, and Lottie Zigler.

No process was served personally or by order of publication on Oscar Zigler (or Zizler) or Annie Zigler (or Zizler). However, as noted, Harry Zigler, Lottie Zigler, Oscar Zigler and Annie Zigler were infants for whom no guardian *ad litem* was appointed.

There is no affidavit for an order of publication in the record here before us, and the record contains this statement: "There is no affidavit for order of publication in said papers." The only thing in any of the decrees having any bearing on this

point are the recitals in the order of publication and the decree of March 10, 1928, hereinafter quoted.

The following order of publication was entered by the clerk at rules on November 28, 1927, and apparently published as therein ordered:

"Mrs. Eliza Plasters, et als., Plaintiffs,

vs.

"Mrs. Lent Zizler, H. F. Zizler, et als., Defendants.

"In Chancery.

"The object of this suit is to sell all of the real estate that Christopher Zizler owned at the time of his death and to distribute the net proceeds of sale among the heirs according to law. The said tracts of land located in the county of Patrick; in Mayo River distrist, containing 18¾ acres and 282 acres more or less, and for general relief.

"And an affidavit having been made and filed in the clerk's office that the defendants, H. F. Zigler, Geo. L. Zigler, John Zizler, Hattie Zizler Martin, Carrie Zizler Amos, Mamie Amos, Mrs. Zizler Beck, Luck Beck, Susie Beck, Rubin Beck, Bill Zizler, Ike Zizler, Tom Zizler, Rubin Zizler, Martha Joyce, Eliza Martin, John Zizler, Hardy Zizler, Walter Zizler, Henry Carroll, Mary Carroll, Eliza Glidewell, Nancy Zizler, and all.

"The other heirs at law of *Leonard Zizler*, dec'd, whose names, ages and residence unknown.

"The other heirs at law of Wm. Zizler, dec'd, whose names, ages and residences unknown.

"The other heirs at law of Mrs. Zizler Beck, dec'd, whose names, ages and residences unknown.

"The other heirs at law of Michael Zizler, dec'd, whose names, ages, and residences unknown.

"The other heirs at law of Jim Zizler, dec'd, whose names, ages, and residences unknown.

"The other heirs at law of Tom Zizler, dec'd, whose names, ages and residences unknown.

"The other heirs at law of Bettie Carroll, dec'd, whose names, ages, and residences unknown.

"The other heirs at law of Eliza Glidewell, dec'd, whose names, ages and residences unknown.

"The other heirs at law of *Christopher Zizler, dec'd,* whose names, ages and residence unknown.

"The other heirs at law of *Richard, Zizler, dec'd,* whose names, ages, and residences unknown.

"The said defendants are not residents of the State of Virginia, it is ordered that they do appear here within fifteen days after due publication hereof and do what may be necessary to protect their interest in this suit.

"And it is further ordered that a copy hereof be published *one* a week, for four successive weeks, in 'The Stuart Enterprise,' a newspaper published in the town of Stuart, Patrick county, Virginia, and that a copy whereof *by* posted at the front door of the courthouse of this county as required by law."

With the exception of the names of H. F. Zigler and Geo. L. Zigler, the names occurring in this order of publication are uniformly spelled *Zizler,* and the order of publication omits the names of two of the defendants mentioned by name in the bill who are in the memorandum for suit designated as nonresident defendants, to-wit, Charlie Zizler (or Zigler) and Walter Carroll.

The memorandum for this suit names "all of the heirs at law of Nannie Zizler and Mary Zizler, deceased," as parties defendant, and the bill filed by Mrs. Plasters and her co-complainants prays that "any other heirs at law of Nannie Zigler and Mary Zigler, deceased, whose names, ages (and) residence are unknown," may be made parties defendant, but in the order of publication there is no order of publication against any person under the designation "the heirs at law of Nannie Zigler and Mary Zigler, deceased," or under the designation the heirs at law of Nannie Zigler and Mary Zigler, deceased.

At second December rules, 1927, Mrs. Eliza Plasters and her co-complainants filed their bill, the material parts of which read as follows:

"Your complainants, Mrs. Eliza Plasters, Mrs. Mattie J. Fulcher, Dovie Plasters, Hilmer Plasters, Mary Plasters, Elsie Plasters, James Plasters, Akers Plasters, Charles Plasters, the last seven being infants under the age of twenty-one years who sue by their father and next friend, Everett Plasters, Louis Crickerberger, Una Barbour, Anna Barbour, Jim Barbour and Billy Barbour, the last four infants under the age of twenty-one years who sue by their and next friend, J. W. Barbour, John Barbour, A. L. Barbour, Dillard Barbour, Geo. Barbour, Mrs. Jennie Stone, Minnie Laymons, George Laymons, and Hardy Zigler, respectfully represent:

"* * * your said complainants and the defendants hereinafter mentioned by reasons of inheritance own two tracts of land; the said tracts of land located in the county of Patrick, in Mayo River district, containing 282 and 18¾ acres, more or less, and located on the waters of Crooked creek and the said tracts of land stand on the land book for taxation in the name of Christopher Zigler, deceased; and

"That from the best information that your said complainants have been able to ascertain, the Zigler heirs who are interested in this suit are as follows, to-wit:

"Christopher Zigler, Rubin Zigler, and Isaac Zigler were brothers.

"Christopher Zigler, had two sons—Leonard Zigler and Richard Zigler.

"Leonard Zigler never married.

"Richard Zigler had four children—Kit Zigler, Lucy Zigler, Nannie Zigler and Mary Zigler, who all died and left no heirs.

"Ruben Zigler had six children—Zelpha Zigler, Martha Beck, Susan Barbour, Len Zigler, John Zigler and William Zigler." * * * (The omitted matter is a statement of the descendants of Ruben Zigler's children.)

"Isaac Zigler had eleven children—Tom Zigler, Bill Zigler, Susan Zigler, Eliza Glidewell, Mary Welch, Jim Zigler, Nancy Crutchfield, Bettie Carroll, Isaac Zigler, Walter Zigler and John Zigler." * * * (The omitted matter is a statement of the descendants of Isaac Zigler.)

"That the said real estate is not susceptible of partition among the parties entitled thereto; and your said complainants believe and here state that the interest of those who are entitled to the said real estate, or its proceeds, will be promoted by a sale of the said tracts of land and for the net proceeds of sale to be divided among the said heirs as provided by law after the payment of all cost.

"In consideration whereof and for as much as your said complainants are remediless in the premises save by the aid of a court of equity, they pray that the said

"Heirs at law of *Leonard Zigler, dec'd,* whose names, age, and res. unknown

"Heirs at law of William Zigler, dec'd, whose names, ages, and res. unknown

"Heirs at law of Mrs. Zigler Beck, dec'd, whose names, ages, and res. unknown

"Heirs at law of Bettie Carroll, dec'd, whose names, ages, and res. unknown

"Heirs at law of Eliza Glidewell, dec'd, whose names, ages, and res. unknown

"Heirs at law of *Christopher Zigler, dec'd,* whose names, ages, and res. unknown." * * * (The omitted matter is the names of descendants of Isaac and Ruben Zigler) "and *any other heirs at law of Nannie Zigler and Mary Zigler, deceased,* whose names, ages, residence are unknown, may be made parties to this suit and required, but not on oath, to answer the same the oath being hereby waived; may proper process issue; may the said tracts of land be sold and the net proceeds of sale be divided among said heirs as provided by law; may a reasonable attorney's fee be allowed the attorneys for bringing this

suit and for services hereinafter to be rendered, and may the said fee so allowed be taxed as a part of the cost of this suit; may all proper orders and decrees be made and entered; accounts taken, and inquiries directed; may your said complainants have all such further and other and general relief in the premises as the nature of their case may require or to equity shall seem meet."

While it is impossible from the pleadings and evidence in this suit to say with certainty that all the descendants of Isaac Zigler (brothers of Christopher Zigler) who are entitled to an interest in the land here in controversy were properly made or became parties defendant to the bill filed by Mrs. Plasters, *et als.,* we shall for the purposes of this appeal treat this as being so.

On March 10, 1928, the court entered its first decree on the bill of Mrs. Plasters and her co-complainants which reads as follows:

"This day this cause came on to be heard on the bill of complaint, the exhibits therewith filed due service of process on all of the resident defendants, and an order of publication as to all nonresident defendants and regular proceedings at rules, *and the said defendants failing to answer, plead, or demur to said bill, the same is taken for confessed,* and the argument of counsel: (italics ours)

"Upon the consideration of all of which, it is ordered that one of the commissioners in chancery of this court will take, state, and report the following account:

"1. What real estate that the parties to this suit owned *and* undivided interest in.

"2. The name of all the heirs interested in said real estate.

"3. Any liens against the land or against any parties to this suit.

"4. All liens or encumbrances against any of the parties to this suit or against said real estate, including any back taxes, and any other matter deemed pertinent by the said commis-

sioner, or any matter requested by any party in interest to this suit; and the special commissioner will report to the next term of this court and this cause is continued."

The cause was referred to Miss Alma N. Turner, commissioner in chancery, for report.

Commissioner Turner, in execution of the order of reference, proceeded to take the depositions of Mrs. Martha Joyce and others. The notices given to take these depositions are not in the record. The depositions returned with the report, however, contain this statement in the caption: "Taken * * * pursuant to the notice given to all interested parties," and this statement in the certificate appended to the depositions: "I * * * do hereby certify that the foregoing depositions were duly taken * * * pursuant to the notice to all parties."

The report of Commissioner Turner is dated May 17, 1928, but when it was filed does not appear. With certain immaterial omissions made for the sake of brevity, it reads: "I, * * *, desire to report * * * that after giving notice to all of the resident defendants and to the plaintiffs that I proceeded to take, state and report the following account, to-wit:

"(1) What real estate that the parties to this suit own an undivided interest in.

"Ans. I find that said parties to this suit own an undivided interest in and to 282 acres and 18¾ acres, more or less. The said tracts of land located in the county of Patrick; in Mayo River district and charged for taxation in the name of Christopher Zigler, deceased.

"(2) The name of all of the heirs interest in said real estate?

"Ans. I desire to refer to the evidence of Mr. H. F. Zigler, et als., for the names and address of the heirs of Christopher Zigler, deceased. The depositions are herewith filed and made a part of this report.

"(3) Any liens against the lands or against any parties to this suit?"

"Ans. I found none. * * *

"(4) By reference to the depositions filed in this cause it will be seen that the said lands cannot be divided in kind between the heirs without material injury, and it will be to the interest of the parties to this suit for the said tracts of land to be sold and for the proceeds of sale, after the payment of the cost, to be divided among the heirs as required by law."

The notices for the taking of this account are not in the record and nothing appears with reference thereto, except the recitals above quoted.

The depositions taken by the commissioner contain testimony to the following effect:

Christopher Zigler left two children surviving him, Leonard and Richard. Leonard never married, and died more than thirty years ago. Richard Zigler married, and died (when does not appear), leaving surviving him four children, Kit, Lucy, Nannie and Mary. "They are all dead and they left no children."

There was no evidence returned by the commissioner as to whether Christopher Zigler, Leonard Zigler, or Richard Zigler died testate or intestate.

Christopher Zigler had two brothers, Ruben Zigler and Isaac Zigler, sometimes called Ike or Mike. Each of these brothers married, and died leaving descendants. There is no testimony as to either the dates, or the order of their several deaths.

Ruben Zigler and Isaac Zigler have a large number of living descendants, many of whom are named and their courses of descent given. But the evidence is so incomplete that it is impossible to make up from it a statement which can be said with any certainty to contain, either by name or designation, all the descendants of Ruben and Isaac Zigler who are entitled to an interest in the land here involved. Perhaps it is for this reason that Commissioner Turner did not attempt it.

On June 4, 1928, the court entered its decree, the material parts of which read as follows:

"This day this cause came on again to be further heard on the papers formerly read, the decrees heretofore entered and the argument of counsel.

"Upon consideration of all of which and it appearing to the court from the report filed by Miss Alma N. Turner, one of the commissioners in chancery of this court, that the lands mentioned in the bill and proceedings cannot be divided in kind among the parties to this suit without material injury, and no exceptions having been filed to said report, the same is hereby approved and confirmed.

"It is ordered, adjudged and decreed that R. E. Woolwine and J. D. Humphries be, and they are hereby, appointed special commissioners and receivers in this cause to make sale of said lands upon the following terms and conditions:" (Here follows the terms and conditions of sale.)

Special Commissioners Woolwine and Humphries made sale under the decree of June 4, 1928, and reported to the court that acting under said decree they "did on the 1st day of August, 1928, sell the said tracts of land according to the terms and conditions as mentioned in the said decree" * * * and that "the said land was finally sold to J. Nick Brown, at the price of $2,950.00," and recommend the confirmation of the sale.

No other description is given in the above decree or report of the property sold, other than is contained in the above quotations.

By its decree entered September 6, 1928, the court confirmed said report, and directed Woolwine, as special commissioner, to collect the purchase price and execute a deed to the purchaser, Brown. The decree then reads: "And the said special commissioner and receiver will pay first the costs of this suit, including a fee of $150.00 and $5.00 for deed and said fees to be taxed as cost of this suit, and second, taxes and the

residue thereof disbursed according to law." The special commissioner is also directed to report his acts to the court.

No determination of the parties owning the land in question or entitled to receive the proceeds thereof appears to have been made by the court, except in so far as the confirmation of Miss Turner's report can be said to have done so.

By decree entered December 6, 1928, the court entered its order directing that the sums, ranging from $4.63 to $19.00, due to the eleven Plasters and Barbour children, who are infant complainants, and to Frank Amos, Paul Amos, Lillie May Amos, Broadus Amos, Wilmeth Atkins, and Harry, Oscar, Lottie and Annie Zigler, infant defendants of Isaac and Ruben Zigler, be paid to them or their fathers without the intervention of a guardian.

The special commissioner does not appear to have made any report to the court of his acts under the decrees of September 6 and December 6, 1928, but from other proceedings had after the filing of the cross-bill, hereinafter mentioned, it appears that he collected the purchase money, executed a deed to J. Nick Brown, and disbursed the proceeds of the sale, less costs, to eighty-five persons descended from Isaac and Ruben Zigler, a number of whom are neither made parties defendant by name in the bill filed by Mrs. Plasters nor mentioned in the evidence returned by Commissioner Turner, which is all the evidence taken in this suit.

In November, 1929, Mrs. Sadie M. Bowden filed in the clerk's office of the Circuit Court of Patrick county what she denominates a petition and cross-bill in the said chancery cause of *Mrs. Eliza Plasters and others* v. *Mrs. Lent Zigler and others.*

The opening paragraph in this cross-bill reads as follows:

"The petition and cross-bill of Sadie M. Bowden, in her own right as an heir-at-law of Mary Zigler, dec'd, and as grantee and assignee of Robert M. Matthews, Botts K. Matthews, James W. Matthews, Jr., Celia Matthews-Gordan, Catherine

Matthews and Mary Matthews, the said Sadie M. Bowden and all of the above named parties, being all the children of James W. Matthews, dec'd, and as grantee and assignee of John D. Matthews, and of Ella Craig and Richard D. Mitchell; Harrold W. Matthews, Robert G. Matthews, Mrs. Carlton Crews, Mrs. L. H. Houchins, G. A. Matthews and W. J. Matthews, being all the children and heirs-at-law of George Matthews, dec'd, respectfully showeth unto your honor the following facts as the ground of this petition and cross-bill."

However, there is no further allegation or proof of any such assignments to Mrs. Sadie M. Bowden.

After alleging the proceedings had on the original bill filed by Mrs. Plasters, *et als.,* the cross-bill alleges the following facts:

The 282-acre tract which the court sold to J. Nick Brown in the said suit of *Zigler* v. *Zigler* was owned by Richard Mills, whose daughter, Sarah, married Christopher Zigler.

Richard Mills left surviving him as his heirs at law four children, Sarah Zigler (wife of Christopher Zigler), Elizabeth Abingdon (widow of John Abingdon), Austice Murphy (wife of Jesse Murphy, Jr.), and William Mills.

After the death of Richard Mills, all his said heirs at law, except Sarah Zigler, by deed dated June 11, 1842, recorded November 14, 1842, conveyed to Christopher Zigler, Richard Zigler and Leonard Zigler (the last two being sons of Christopher Zigler) the 282-acre tract here involved.

The 18¾-acre tract which the court sold to J. Nick Brown in the suit of *Zigler* v. *Zigler* was conveyed to Christopher Zigler by James W. Athey and wife by deed dated May 8, 1858, recorded June 7, 1858.

Christopher Zigler and Sarah Mills, his wife, both died intestate, leaving surviving them as their only heirs at law their two sons, Richard and Leonard, in whom the whole estate in both tracts of land vested by descent from their parents.

Richard Zigler married Catherine Sidney Abingdon, daugh-

ter of John Abingdon and Elizabeth Abingdon, his wife (who was a daughter of Richard Mills, the father of Sarah Mills Zigler); and died intestate, leaving surviving him his widow and four children, Kit, Lucy, Nannie and Mary, as his only heirs at law, all of whom outlived their mother, Catherine Sidney Abingdon Zigler.

Later Leonard Zigler died unmarried and intestate, after the death of his brother Richard, leaving as his only heirs at law the four children of his brother Richard.

Subsequently, Kit, Lucy and Nannie Zigler all died when over twenty-one years of age, unmarried, intestate and without issue, leaving their sister Mary surviving them. Whereupon the whole estate in both tracts of land vested in her by descent from her parents and from her brother and sisters.

Mary Zigler never married, and died in 1926, being over twenty-one years of age, intestate and without issue, whereupon the two tracts of land passed one-half to her paternal kindred and one-half to her maternal kindred.

Mary Zigler's mother and all her maternal grandparents predeceased her. She had five maternal uncles and aunts all whom predeceased her; two, Lucy Abingdon and Mary Abingdon East, had no descendants living at Mary Zigler's death; three, Sarah Abingdon Matthews, William Abingdon and Nannie Abingdon Mitchell, had descendants living at the death of Mary Zigler.

At the time of her death Mary Zigler had only seven (7) maternal first cousins who were living or had descendants living. Those living were (1) John D. Matthews (son of Sarah Abingdon Matthews), (2) Lucy Abingdon (daughter of William Abingdon), (3) Ella Mitchell Craig, and (4) Richard D. Mitchell (the last two being children of Nannie Abingdon Mitchell). The three who had died were (5) George Matthews, (6) Celia Matthews Marshall, and (7) James W. Matthews, all three being children of Sarah Abingdon Matthews.

George Matthews, dec'd, left six (6) children: Mrs. Carlton

Crews, Mrs. L. H. Houchins, G. A. Matthews, W. J. Matthews, Harold W. Matthews, Robert G. Matthews.

Celia Matthews Marshall, dec'd, left three (3) children: Jim Marshall, G. R. Marshall, and W. H. Marshall.

James W. Matthews, dec'd, left seven (7) children: Mary Matthews, Catherine Matthews, Celia Matthews Gordon, *Sadie Matthews Bowden,* Robert Matthews, Warren Matthews, and B. K. Matthews.

Therefore, one-half of the 282-acre tract and of the 18¾-acre tract has descended to and is now vested in her maternal kindred above named.

Mary Zigler's father and all her paternal·grandparents predeceased her. She had only one uncle or aunt on her father's side, Leonard Zigler, and he predeceased her without issue. Therefore, the moiety of Mary Zigler's estate which passed to her *paternal* kindred, passed one-half to the kindred of her grandfather, Christopher Zigler, and one-half. to the kindred of her grandmother, Sarah Mills Zigler.

Christopher Zigler had only two brothers or sisters, Richard Zigler and Isaac (or Mike) Zigler, and their descendants are, so far as the complainant in the cross-bill knows, correctly set. forth in the original bill, but instead of being entitled to the whole interest in the two tracts of land here involved they were and are entitled to only one-half of one-half (one-fourth) undivided interest therein.

Sarah Mills Zigler, the grandmother of Mary Zigler, had only three sisters or brothers, (1) William Mills, (2) Elizabeth Abingdon, and (3) Austice Murphy, all of whom predeceased Mary Zigler, and their descendants are entitled to one-half of one-half (one-fourth) of the two tracts of land here involved.

· Austice Murphy and William Mills had no descendants living at the death of Mary Zigler. The descendants of Elizabeth Abingdon living at the death of Mary Zigler are the same persons hereinbefore set out as the heirs at law of Mary

Zigler on her maternal side, and, therefore, they take one-half of the two tracts of land as maternal heirs of Mary Zigler and one-fourth thereof as paternal heirs of Mary Zigler, being entitled thus in the aggregate to three-fourths thereof.

The cross-bill then alleges that none of the parties who are therein alleged to be entitled to the one-half interest in said lands, which passed to Mary Zigler's maternal kindred, and also to the one-fourth interest therein, which passed to the kindred of her paternal grandmother, were ever made parties defendant to the bill filed by Mrs. Eliza Plasters and others against Mrs. Lent Zigler and others, and that they are not bound in any way by the decrees entered in said suit.

The cross-bill prays:

A. That the following persons be made parties defendant, to-wit:

(1) "All the parties, both plaintiffs and defendants, in the original suit." The names or designations of such parties are not, however, set out in any way other than in the above quoted language.

(2) J. Nick Brown and Nannie Brown, R. E. Woolwine and J. D. Humphreys, special commissioners.

(3) Jim Marshall, G. R. Marshall and W. H. Marshall.

(4) Lucy Abingdon and all other heirs of William Abingdon, dec'd, whose names, ages and residences are unknown.

(5) The heirs at law of Austice Murphy, dec'd, the heirs at law of William Mills, dec'd, and the heirs at law of *Mary* Abingdon East, "whose names, ages and residences are unknown."

(6) "All other heirs, if any, of Elizabeth Mills Abingdon, dec'd, whose names, ages and residences are unknown."

B. That J. M. Hooker, a discreet attorney at law, be appointed guardian *ad litem* for all such of the following unknown defendants as may be under twenty-one years of age, to-wit, of the infant descendants and heirs at law of Elizabeth Mills Abingdon, dec'd, Austice Mills Murphy, dec'd, William

Mills, dec'd, *Nancy* Abingdon East, dec'd, William Abingdon, dec'd.

C. That R. E. Woolwine, a discreet attorney at law, be assigned as guardian *ad litem* for all such of the descendants and heirs at law, children, grandchildren and great-grandchildren of Ruben Zigler and of Isaac (or Mike) Zigler as may be under twenty-one years of age, whose names, ages and residences are unknown; and for Dovie Plasters, Hilmer Plasters, Mary Plasters, Elsie Plasters, James Plasters, Akers Plasters, and Charles Plasters, infants; for Una Barbour, Anna Barbour, Jim Barbour, and Billy Barbour, infants; and for Oscar Zigler, Lottie Zigler and Annie Zigler, Frank Amos, Paul Amos, Wilmeth Atkins, Lillie May Amos and Broadus Amos; and for all the infant heirs of Leonard Zigler, dec'd, William Zigler, dec'd, Mrs. Zigler Beck, dec'd, Michael Zigler, dec'd, Tom Zigler, dec'd, Bettie Carroll, dec'd, Eliza Glidewell, dec'd, Christopher Zigler, dec'd, and Richard Zigler, dec'd.

D. That all proper accounts and inquiries be directed and taken.

That "the said 282 acres and 18¾ acres of land that was owned by Mary Zigler, dec'd, at the time of her death be sold for partition" and the net proceeds distributed as follows: (1) one-half to "the descendants and heirs at law of the brothers and sisters of her mother, Catherine Sidney Zigler, dec'd, (2) one-fourth to the descendants of Ruben Zigler, dec'd, and Isaac (Mike) Zigler, dec'd, brothers of her grandfather, Christopher Zigler, "or to their alienee, J. Nick Brown; and (3) one-fourth to the "children and descendants" of the brother and sisters of Sarah Mills Zigler, dec'd, the grandmother of Mary Zigler, dec'd.

That R. E. Woolwine and J. D. Humphreys, special commissioners, be directed to make such adjustments with J. Nick Brown and the heirs of Ruben and Isaac Zigler as the court may deem just, right and proper.

That the deed from Woolwine, special commissioner, to J.

Nick Brown be set aside and annulled as to an undivided three-fourths' interest in said two tracts of land.

The cross-bill also contains a prayer for the allowance of an attorney's fee and for general relief.

The memorandum for issuance of process on said cross-bill filed with the clerk concluded with the following directions:

"Deliver subpoenas for Mrs. Eliza Plasters, Mrs. Mattie Fulcher, R. E. Woolwine, special commissioner, and R. E. Woolwine as guardian *ad litem* for the several infants herein above mentioned as having him as their guardian *ad litem,* and J. M. Hooker, as guardian *ad litem,* for the several infants herein above mentioned as having him for their guardian *ad litem,* John Barbour, Dillard Barbour, George Barbour, Mrs. Jennie Stone, Minnie Laymons, Geo. Laymons, Hardy (or Harry) Zigler, and Hobart Zigler to the sheriff of Patrick county.

"Deliver subpoenas for James Marshall of Spencer, Va., Ruben Zigler of Bassetts, Va., Mrs. Lent Zigler and Reuben T. Zigler of Edgewood, Va., Vergie Zigler and Harry Zigler of Fieldale, Va., Sallie Kate Zigler and G. R. Zigler of Stanleytown, Va., Vergie Stewart of Preston, Va., to the sheriff of Henry county.

"Deliver subpoenas for G. R. Marshall of Victoria, Va., to the sheriff of Lunenberg county, Va."

The clerk issued subpoenas on this memorandum on November 13, 1929, requiring the defendants therein named to appear at the rules to be held on the fourth Monday in November, 1929, "to answer a petition and cross-bill in chancery, exhibited against them *et als.* * * * in the chancery cause of *Mrs. Eliza Plasters, et als.* v. *Lent Zigler, et als.,* now pending in the Circuit Court of Patrick county by Sadie M. Bowden." These subpoenas were returned executed upon all the defendants mentioned in the three paragraphs above quoted *except* Mrs. Jennie Stone, Geo. Laymons, Minnie Laymons, and

Hardy (or Harry) Zigler. The subpoena was also returned executed upon A. L. Barbour, Oscar Zigler, and Lottie Zigler.

So far as the record discloses, however, no order appointing a guardian *ad litem* for any of the infants made parties defendant in the cross-bill was ever entered either by the clerk or by the court at rules, nor is any answer filed for any of them by any person purporting to act as guardian *ad litem* for any of them.

On November 15, 1929, F. P. Burton and S. A. Thompson, attorneys for Mrs. Sadie M. Bowden, made an affidavit for an order of publication before the clerk as to the unknown and nonresident defendants mentioned in the cross-bill, and on November 15, 1929, the clerk entered an order of publication against such unknown and nonresident defendants, and the decree of the court entered June 10, 1930, recites that the cause came on to be heard upon the "order of publication as to all the defendants named in said petition and cross-bill duly published and completed."

On April 12, 1930, the court entered the following decree:

"This day this cause came on again to be heard on the papers formerly read, the decrees heretofore entered. The answer and cross-bill Mrs Sadie M. Bowden, *et als.*, filed at rules, regular proceedings thereon, order of publication duly completed as to said answer and cross-bill, and set for hearing, the motion of the defendants in said cross-bill to strike out the same, and the argument of counsel.

"Upon consideration whereof, without passing on the motion to strike out the said answer and cross-bill, and without passing on any question raised by the pleadings in this cause, it is ordered that this cause be set for decision and decree in vacation."

At the June term, 1930, the following answers were filed: An answer styled in the opening paragraph thereof: "The answer of Eliza Plasters, Mrs. Mattie J. Fulcher, John Barbour, A. L. Barbour, Dillard Barbour, George Barbour, Mrs.

Jennie Stone, Geo. Laymons, Hardy Zigler, Ruben Zigler, Eliza Carter, Martha Joyce, Hugh Zigler, John Zigler, William Zigler, Mike Zigler, James Zigler, Mrs. Lizzie Golden, Will Blidwell, Charlie Crutchfield, Charlie Carroll, Mary Carroll, Isaac Zigler, Walter Zigler, John Zigler, and all of the other plaintiffs in the original suit." This answer adopts the answer filed by J. D. Humphreys and R. E. Woolwine, and then reads:

"Your said respondents contend that the order of publication that was duly published and posted as required by law *as* broad enough to include all of the unknown heirs of Christopher Zigler, Richard Zigler, Leonard Zigler, Nannie Zigler, and Mary Zigler. The said Sadie M. Bowden, *et als.,* are bound by the said order of publication and none of them have any standing in a court of equity and their petition should be dismissed:

"That the 18¾-acre tract was conveyed to Christopher Zigler by J. W. Athey, and an order of publication was duly issued, published, and posted as to all of the unknown heirs of Christopher Zigler, deceased.

"That the 282-acre tract of land was conveyed to Christopher Zigler, Leonard Zigler and Richard Zigler, and an order of publication was duly issued, published, and posted as to all of the unknown heirs of the said Christopher Zigler, Leonard Zigler and Richard Zigler. The said Nannie and Mary Zigler, as daughters of Richard Zigler, deceased, were covered by the order of publication.

"The said respondents deny each and every allegation in the petition and cross-bill not in keeping with this answer, and call for proof.

"Your said respondents do not agree with counsel for Sadie M. Bowden, *et als.,* to the course of descent as mentioned in their petition and cross-bill and contend that the course of descent is not properly stated. The petitioners should be

charged with their part of the funds received from ————— that was used by and for Mary and Nancy Zigler.

"It is the contention of your said respondents that the petition of Sadie M. Bowden, *et als.*, should be dismissed with their reasonable cost by them expended in this behalf."

J. Nick Brown filed his answer alleging that the sale to him was valid and binding upon the complainant, and all the defendants mentioned in the cross-bill were properly before the court, because "all of the unknown heirs at law of Christopher Zigler, Ruben Zigler, Isaac Zigler, Leonard Zigler, Richard Zigler, Nanie Zigler, *et als.*, were proceeded against as provided by law" in the original suit; and that the cross-bill should be dismissed as to him for this reason, and also because a cross-bill can be filed only by leave of court, and this cross-bill was filed without first getting leave of the court. This answer admits that there was no order of publication against the unknown heirs of Mary Zigler by the description of unknown heirs of Mary Zigler, but alleges that in as much as the order of publication was against the unknown heirs of Christopher Zigler and Richard Zigler, the father of Mary Zigler, and the unknown heirs of Nannie Zigler, sister of Mary Zigler, that it necessarily included the heirs of Mary Zigler.

J. D. Humphreys and R. E. Woolwine, special commissioners, filed their answer praying the dismissal of the cross-bill, "because all of the unknown heirs of Christopher Zigler, Leonard Zigler, and Richard Zigler, *et als.*, were made defendants to the said proceedings and were duly proceeded against as expressly authorized by section 6069 of the Code of Virginia."

No evidence was introduced to substantiate the allegations of the cross-bill as to the relationship of the parties alleged in the cross-bill.

Certain affidavits made after the entry of the final decree here appealed from are tendered to this court on this appeal. These affidavits relate to how a final decree upon the

merits of the cross-bill came to be entered without any evidence having been taken to substantiate the allegations of the relationship of the several parties to Mary Zigler and the course of descents to and from her. These affidavits constitute no part of the record in the cause, and cannot be here considered.

On June 10, 1930, the court entered a final decree on said cross-bill. This decree reads, in part, as follows:

"The court doth hereby grant permission to Mrs. Sadie M. Bowden, *et als.,* to file their petition and cross-bill in this cause, as a *nunc pro tunc* order granting said permission the same *to be enforce and effect* as of the date on which the process on the said petition and cross-bill was issued. * * * And the court being of the opinion that the plaintiffs in the petition and cross-bill of Sadie M. Bowden, *et als.,* were clearly within their rights in filing same, and doth overrule the motions to dismiss the same, and doth decide that they are now properly before the court.

"Upon consideration of all the pleadings before the court, and exhibits therewith filed, the court is of the opinion that the course of descent of the estate of Mary Zigler, deceased, is as set forth in the petition and cross-bill of Mrs. Sadie M. Bowden and others filed herein, so that, under the proceedings heretofore had in this cause one-fourth of said estate is now owned by J. Nick Brown and the remaining three-fourths thereof belongs to the maternal kindred of the said Mary Zigler, as set forth in said petition and cross-bills, doth so decide and declare.

"The court doth further adjudge, order, and decree that the said J. Nick Brown be, and he is hereby, given the option of paying three-fourths of the purchase price of said land as heretofore reported, to-wit: $2,950.00, less the lawful costs accrued up to the filing of the petition of Mrs. Sadie M. Bowden and others, to the attorneys representing the maternal

kindred of the said Mary Zigler, deceased, as set forth in said petition, within forty days from the rising of this court."

The decree then provides: If J. Nick Brown shall fail to pay three-fourths of the net proceeds of said $2,950.00 to the attorneys representing the maternal kindred of Mary Zigler, deceased, as set forth in said petition and cross-bill, within forty days, then F. P. Burton and S. A. Thompson, who are appointed special commissioners for the purpose, shall "execute a deed conveying to the said J. Nick Brown the three-fourths interest of the maternal kindred of Mary Zigler, deceased, as set forth in said petition and cross-bill of Sadie M. Bowden and others, with special warranty of title." But if J. Nick Brown fail so to do, then Burton and Thompson, special commissioners, shall sell the two tracts of land here involved at public auction upon the terms set forth in the decree.

The decree then proceeds to decree to J. Nick Brown several judgments against the eighty-five descendants of Ruben and Isaac Zigler to whom Commissioner Woolwine had distributed the net proceeds of the sale to J. Nick Brown, and to decree the payment of costs, including an attorney's fee to counsel for Mrs. Bowden and certain allowances to Mrs. Bowden for her expenses in prosecuting her cross-bill.

From this decree J. Nick Brown appeals, and assigns a number of errors, which are so interdependent that in the view which we take of this case we shall not discuss them in detail.

If the allegations contained in the so-called petition and cross-bill filed by Mrs. Sadie Bowden are true, the kindred of the mother of Mary Zigler are clearly entitled to an one-half undivided interest in the two tracts of land here involved, and the kindred of the paternal grandmother of Mary Zigler are clearly entitled to an undivided one-fourth interest in said two tracts. None of these kindred of Mary Zigler were before the court on process served upon them, and we are of opinion that the order of publication published on the original bill is wholly

insufficient to give the court jurisdiction to enter a decree *in rem* against them making sale of their interests in these lands.

■ ■ It, therefore, follows that if the allegations of the bill be true, the decree of sale under which J. Nick Brown purchased these two tracts of land and the deed conveying them to him are void in so far as they affect undivided interests in these lands aggregating at least a three-fourths interest. But in the state of the pleadings in this cause, and in view of the facts that there are infant defendants to this cross-bill and also to the original bill, for none of whom a guardian *ad litem* has been appointed, and that many of those alleged to have an interest in said lands are before the court only upon order of publication, we are of opinion that the court erred in entering a decree upon the merits of the cross-bill without proof of the allegations therein contained.

■ ■ While the court had no power to permit the filing of the petition and cross-bill *nunc pro tunc,* this is immaterial. If the allegations of the so-called petition and cross-bill be true, Mrs. Bowden, or those claiming by, through, or under her, then had and still has the right to file an original bill attacking the validity of the decree under which these lands were sold to J. Nick Brown so far as the kindred of the mother and paternal grandmother of Mary Zigler are concerned, and to have the deed to him declared void as to them, and to have these lands sold for partition. While Mrs. Bowden denominates the pleading filed by her as a petition and cross-bill in the suit of *Plasters* v. *Zigler,* it introduces new parties and is in effect an original bill and should be so considered, though it partakes in some respects of the nature of a cross-bill, and leave of court was not required to file it.

The decree of June 10, 1930, will be reversed in toto, and the cause remanded for such further proceedings to be had upon the so-called cross-bill as may be proper, not in conflict with the views herein expressed.

*Reversed and remanded.*